**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED

OCT 09 2026

Nathan Ochsner, Clerk of Court

KRISTINA PIPES, §
§
Plaintiff, §
v. §
MEMORIAL HERMANN-GOHEALTH §
URGENT CARE MANAGEMENT, LLC

Defendant.

Civil Action No. 26CV8896

COMPLAINT FOR VIOLATION OF TITLE VII

JURY DEMAND

## I. NATURE OF THE ACTION

1. Plaintiff Kristina Pipes brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., for race discrimination and retaliation.

2. Plaintiff is an African American woman who was employed by Defendant as an Urgent Care Team Lead beginning in or about August 2023. Plaintiff alleges that after Regional Operating Manager Amber Covington became her supervisor, Defendant, through its management, treated Plaintiff differently from Hispanic coworkers and subjected her to adverse treatment after she complained about the unequal treatment.

11. Plaintiff filed a sworn EEOC Charge of Discrimination, Charge No. 410-2026-05790, signed June 11, 2026. The charge alleged discrimination based on race and retaliation in violation of Title VII.

12. The charge states that the earliest discrimination occurred on December 1, 2025, and the latest discrimination occurred on April 7, 2026.

13. The EEOC issued its Determination and Notice of Rights on July 14, 2026. The notice states that the EEOC would not proceed further with its investigation, made no determination as to whether a violation occurred, and issued Plaintiff a Notice of Right to Sue.

14. Plaintiff received the notice on or about July 14, 2026. Plaintiff files this action within the applicable 90-day period.

## V. FACTUAL ALLEGATIONS

15. Plaintiff was hired by Defendant in or about August 2023 as an Urgent Care Team Lead. Plaintiff had approximately two and one-half years of employment before the principal events described below and, according to Plaintiff's EEOC charge, had no prior history of disciplinary infractions.

16. Plaintiff's role involved leadership and operational responsibilities across Defendant's urgent care operations, including coordinating staff activities, supporting providers and staff, and helping maintain efficient operations.

17. After Amber Covington became Plaintiff's Regional Operating Manager and direct supervisor, Plaintiff observed and experienced treatment that she believed differed from the treatment afforded to Hispanic coworkers.

18. Around January 5, 2026, Plaintiff discovered that Ms. Covington had issued Plaintiff two 'Call Out' or attendance-related infractions concerning PTO, including one associated with December 24, 2025 and another associated with January 5, 2026.

19. Plaintiff had previously asked about holiday scheduling expectations and believed the attendance treatment was inconsistent with how similarly situated coworkers were treated. Plaintiff raised these concerns directly with Ms. Covington and complained about the different treatment.

broader pattern of scrutiny and management treatment following her complaints, while acknowledging that some communications also reflected management efforts to accommodate scheduling conflicts.

28. On April 6, 2026, Plaintiff filed an electronic complaint with Human Resources and spoke with Chelsea White in HR concerning the harassment, unfair treatment, and workplace treatment by Ms. Covington.

29. On April 7, 2026, Plaintiff requested protected leave because the workplace stress had exacerbated symptoms of a medical condition. According to the EEOC charge, the leave was approved through July 5, 2026.

30. On May 12, 2026, Ms. White informed Plaintiff that the company's investigation did not substantiate her complaints.

31. Plaintiff contends that Defendant failed to adequately address the concerns she raised and that the treatment she experienced was connected in timing and circumstances to her complaints about unequal treatment and discrimination.

32. Plaintiff's EEOC charge expressly alleged that she was discriminated against based on race (African American) and retaliated against for engaging in protected activity, in violation of Title VII.

33. Plaintiff continues to preserve the underlying communications, schedules, QGenda records, Teams messages, meeting notes, and other documents supporting these allegations. Plaintiff does not attach every underlying communication to this Complaint because the Complaint is intended to provide a concise statement of the facts and claims.

## VI. COUNT I — TITLE VII RACE DISCRIMINATION

34. Plaintiff incorporates paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is an African American employee and therefore is within the class protected by Title VII.

36. Plaintiff was qualified for her Team Lead position and had performed her duties for approximately two and one-half years before the events described above.

46. Plaintiff seeks all relief available under Title VII, including back pay, front pay or other appropriate equitable relief, compensatory damages, punitive damages to the extent permitted by law, prejudgment and post-judgment interest, costs, and any other relief the Court determines appropriate.

47. Plaintiff seeks reasonable attorney's fees to the extent recoverable under applicable law. Plaintiff is currently proceeding without counsel and reserves the right to seek recoverable costs and fees if counsel later appears or if otherwise authorized by law.

## IX. JURY DEMAND

48. Plaintiff demands a trial by jury on all issues so triable.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kristina Pipes respectfully requests that the Court enter judgment in her favor and against Defendant and award the following relief:

A. A declaration that Defendant's conduct violated Title VII;

B. Back pay and lost benefits, in an amount to be determined;

C. Front pay and/or other appropriate equitable relief, as warranted;

D. Compensatory damages for emotional distress and other non-economic harm, in an amount to be determined and subject to applicable statutory limits;

E. Punitive damages to the extent authorized by Title VII and supported by the evidence;

F. Prejudgment and post-judgment interest as permitted by law;

G. Costs of court and other recoverable litigation expenses;

H. Attorney's fees to the extent authorized by law; and

I. Such other and further relief as the Court deems just and proper.

**Respectfully submitted,**

Kristina Pipes

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| **CHARGE PRESENTED TO:** | **AGENCY CHARGE NO.** |
|---|---|
| EEOC | 410-2026-05790 |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Kristina Pipes

Phone No.: (832) 729-2243
Year of Birth: 1988
Mailing Address: 2006 Rustic Oak Ln
Rosenberg, TX 77469

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Memorial Hermann GoHealth
No. Employees, Members: 201 - 500 Employees
Phone No.: (678) 774-7100
Mailing Address: 5555 glenridge Connector suite 700
ATLANTA, GA 30342, UNITED STATES OF AMERICA
Name:
No. Employees, Members:
Phone No.:
Mailing Address:

DISCRIMINATION BASED ON:

Race, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 12/01/2025
Latest: 04/07/2026

THE PARTICULARS ARE:

I. I was hired by the above-named employer around August 2023, as an Urgent Care Team Lead. Soon after Regional Operating Manager Amber Covington became my supervisor, she began treating me differently than my coworkers who are Hispanic. Around January 5, 2026, I found out on my own that Ms. Covington had issued me two infractions for taking paid time off (PTO) yet when my coworkers did the same, she did not write them up. During our meeting to address the infractions, I complained to Ms. Covington about the way she was treating me which was different from my coworkers. Though she removed one infraction, she left the one issued for December 24, 2025. Upon complaining to Ms. Covington about the unfair treatment, she began to exclude me from communications, meetings, and decisions related to my role and responsibilities. She also began bullying and intimidating me. Ms. Covington became dismissive and conducted herself in a way to undermine my professional credibility and ability to effectively perform the duties of my job. She subjected me to increase scrutiny and criticized my performance though I had no history of poor performance. Furthermore, Ms. Covington repeatedly subjected me to different standards and, without notice, would schedule me to cover for employees who were on PTO. I was the only team lead required to do so though there were other staff members who could have been scheduled. On April 6, 2026, after filing an electronic complaint with Human Resources (HR), I spoke with Chelsea White with HR about the harassment and unfair treatment Ms. Covington was subjecting me to. The following day, I requested protected leave because the stress caused by the hostile work environment had exacerbated the symptoms of my medical condition. My protected leave was approved through July 5, 2026, and I remain out on leave. On May 12, 2026, Ms. White informed me that her investigation did not substantiate my complaints.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Kristina Pipes

06/11/2026

Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

______________________________

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary ______________________________

Printed Name ______________________________

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Atlanta District Office**
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/14/2026

**To:** Kristina Pipes
2006 Rustic Oak Ln
Rosenberg, TX 77469
Charge No: 410-2026-05790

EEOC Representative and email: DERICK NEWTON
ENFORCEMENT SUPERVISOR
DERICK.NEWTON@EEOC.GOV

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 410-2026-05790.

On behalf of the Commission,

Digitally Signed By:Darrell E. Graham
07/14/2026

Darrell E. Graham
District Director

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law.*** *If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal.** You should **keep a record of the date you received EEOC's official notice of dismissal.** Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**<u>To make a FOIA request for your charge file</u>**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a